## WESTFAL–LARSEN & CO. v. UNITED STATES.
### THE LEIKANGER.
### THE MARYLAND.
#### No. 19970.

District Court, N. D. California, S. D.

June 4, 1930.

Lillick, Olson & Graham, of San Francisco, Cal., for libelant.

George J. Hatfield, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal.

LOUDERBACK, District Judge.

The present action was instituted by the Westfal-Larsen & Co., A/S, as owner and operator of the Norwegian steamship Leikanger and as bailee of the cargo thereon, against the United States of America as the owner of the American battleship Maryland.

On May 20, 1930, it was stipulated by and between the respective parties hereto as follows:

"This stipulation may be deemed to be, and is, a part of the record in the above entitled case, and all of the matters set forth herein may be considered by the court with the same force and effect as though duly proved in the regular and ordinary manner of proving facts in such matters made and provided.

"II. That Libelant, Westfal-Larsen & Co., A/S, is, and was on October 29th, 1928, the owner of the Norwegian steamer 'Leikanger.'

"III. That Westfal-Larsen & Co., A/S is and was on October 29, 1928, a corporation duly organized and existing under and by virtue of the laws of the Kingdom of Norway.

"IV. That the United States of America is, and was on the said date, the owner of the American battleship 'Maryland.'

"V. That on or about the 29th day of October, 1928, at about the hour of 5:33 p. m. of said day, the steamer 'Leikanger' and the battleship 'Maryland' came into collision in Los Angeles Harbor, California. That as a consequence of said collision the said steamer 'Leikanger' was damaged, necessitating repairs and resulting in the loss of time and incurrence of extraordinary expenses. That the battleship 'Maryland' was at fault. That at the time of the filing of the libel herein the said battleship 'Maryland' was in the port of San Francisco, State of California, and within the Southern Division of the Northern District of California, and within the jurisdiction of the above entitled court.

"VI. That the action herein is maintained by libelant, Westfal-Larsen & Co., A/S, under and by virtue of the terms of that certain Act of Congress of March 3, 1925, entitled 'Suits in Admiralty against the United States for Damages Caused by or for Towage or Salvage Services Rendered to Public Vessels'; that libelant is a national of the Kingdom of Norway."

It was further stipulated by and between the respective parties hereto on May 21, 1930, that the damages suffered, including demurrage, by the Leikanger, as a result of the collision of October 29, 1928, were of the amount of $48,050.04; that the libelant agreed to accept and the respondent agreed to pay 85 per cent. of the agreed damages, together with interest thereon, or $40,842.53, should the court find that the libelant, as a national of the kingdom of Norway, might sue the United States of America under the provisions of the above-mentioned Act of Congress of March 3, 1925, c. 428, § 1, 43 Stat. 1112 (46 USCA § 781). This section of the act provides: "A libel in personam in admiralty may be brought against the United States, or a petition impleading the United States, for damages caused by a public vessel of the

United States, and for compensation for towage and salvage services, including contract salvage, rendered to a public vessel of the United States: Provided, That the cause of action arose after the 6th day of April, 1920."

The Act of March 3, 1925, c. 428, § 5, 43 Stat. 1113 (46 USCA § 785) provides: "No suit may be brought under this chapter by a national of any foreign government unless it shall appear to the satisfaction of the court in which suit is brought that said government, under similar circumstances, allows nationals of the United States to sue in its courts."

On June 3, 1930, it was stipulated by and between the respective parties hereto as follows:

"That the question of whether the libelant herein, a national of Norway, may bring suit against the United States of America, respondent herein, may be submitted to the above entitled court upon the pleadings and stipulations on file herein and the exhibits attached hereto.

"It is further stipulated that the exhibits attached hereto are true and correct copies of original documents received by proctor for respondent from the Department of Justice and that the signatures to the said documents are true, correct and authentic.

"It is further stipulated that from said documents it appears that nationals of the United States are allowed to sue the Kingdom of Norway in its courts under circumstances similar to those presented in the libel on file herein.

"It is further stipulated that the matters set forth in the documents attached hereto as exhibits may be considered by the court herein as evidence with the same weight and as though duly proved in the manner of proving facts in such matters made and provided."

The proof in this case shows that the Norwegian government has permitted itself to be sued and have judgment entered against it by other nationals, either through court decision or through agreement for damages. The following cases may be mentioned, though none involve nationals of the United States of America: (1) Decision of the Kristiania Admiralty Court handed down November 17, 1924, under which the Department of Defense was adjudged to pay damages with costs to the owner of the pleasure cutter Tercia for damages caused in collision with the torpedo boat Skrei, July 1, 1922, by means of a settlement indemnity which was fixed at 600 kronen. (2) Decision of the Kristiania Admiralty Court, of October 20, 1924, under which the Department of Defense was adjudged to pay 557 kronen with costs to the owner of the motorboat Tonny for damages caused in collision with torpedo boat Teist, July 28, 1923. The following cases settled out of court may be mentioned: (1) Settlement with A/S Sorlandske Kystfart, under which the company received Kr. 8,697.25 for damages sustained by D/S Fregtemand II through collision with the naval vessel Sarpen, October 10, 1923. (2) Settlement with the Swedish fishing smack G. G. 333, under which the owner received Kr. 200 for damages sustained by his vessel through collision with the war vessel Tordenskjold in the summer of 1919. (3) Settlement with the Swedish owners of the S. S. Georgias under which they received Kr. 2,500 for damages sustained by the vessel through collision with the naval patrol Hordaland, August 18, 1918.

Upon the request of the Ministry of Foreign Affairs of the kingdom of Norway, the Department of Justice of Norway rendered an official opinion in which they advised the Ministry of Foreign Affairs that the laws of Norway permitted a national of the United States of America to sue the kingdom of Norway under the circumstances set forth in this case.

The suit herein, therefore, may be brought by the libelant herein, a national of the kingdom of Norway, against the respondent herein, United States of America, as provided for in that certain Act of Congress of March 3, 1925, supra.

It is hereby ordered, adjudged, and decreed that the libelant herein, Westfal-Larsen & Co., A/S, recover from respondent herein, United States of America, as damages suffered as the result of a collision between the steamship Leikanger and the battleship Maryland, on October 29, 1928, the sum of $40,842.53, together with costs of suit herein, with interest thereon from and after the date hereof.